## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RYAH VEGA on her own behalf and others
similarly situated,

                Plaintiff,

-vs-                                            Case No.  2:08-cv-244-FtM-29SPC

IL PRIMO PIZZA & WINGS, INC. a Florida
corporation,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgement (Doc. #20) filed on August 13, 2008.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." In the Joint Motion for Approval submitted by the Parties, (Doc. #20), the Parties provide that the Defendants will pay 100% of the Plaintiff's agreed upon settlement sum plus attorney's fees.

The Plaintiff's originally claimed that his estimated overtime wages were $13, 650.00 plus liquidated damages for a total of $27,300.00. A compromise of the original claim was reached between the parties and the Plaintiff agreed to a total of $19,000.00 as a settlement including of attorney's fees and costs to be distributed as outlined below.

The Plaintiff, Ryah Vega, has agreed to settle the claim for $10, 940.00. After settlement discussions with Counsel for the Defendant as to the Plaintiff's job duties and responsibilities, and reviewing all pay and time records, the Plaintiff confirms that this amount resolves her claims in full without compromise.

Counsel indicates that the Plaintiff entered into a contingency fee agreement. Pursuant to said agreement, Counsel will be paid 40% of all amounts recovered, plus any costs. (Doc. #20, p.3, pp.II(B)). Under the Florida Bar Rules of Professional Conduct, a contingency fee of forty percent (40%) is reasonable if an answer has been filed or if one of the parties has demanded appointment of an arbitrator. Fla. Bar R. 4-1.5(4)(B)(i)(b)(1). Based upon the settlement amount of $19,000.00, Counsel is entitled to receive $7,600.00 in compensation. Counsel also states that $460.00 in costs were incurred, therefore, Counsel will receive a total of $8,060.00.

The Plaintiff was represented by counsel and counsel reviewed the agreement prior to signing the Settlement. Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgement (Doc. #20) should be **GRANTED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Respectfully recommended at Fort Myers, Florida, this ___15th___ day of August, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record